**Georgi Nikolov FILIPOV, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–73719.

Agency No. A78–046–052.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 12, 2005.

Georgi Nikolov Filipov, Phoenix, AZ, pro se.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Douglas E. Ginsburg, John D. Williams, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM***

Georgi Nikolov Filipov, a native and citizen of Bulgaria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will reverse only if the evidence compels a contrary conclusion. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). We grant the petition for review.

 Because there is no adverse credibility finding, we take Filipov's testimony as true. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658–59 (9th Cir. 2003). Filipov testified that the police arrested him when he tried to stage a rally in support of the Roma people in Bulgaria. The police detained him for one week, during which time they beat him on three occasions. As a result of the beatings, Filipov suffered two broken ribs, injury to his eye, and bruises all over his body. Additionally, the police searched his home approximately two to three times a week for over a month following his release from custody. Filipov further testified that when he asked the police if they had authorization to search his home, the police hit him, causing him to fall to the floor. He also received three letters threatening to burn his home and kill his farm animals. This abuse is sufficient to establish past persecution. *See Mihalev v. Ashcroft*, 388 F.3d 722, 730 (9th Cir.2004). "A finding of past persecution gives rise to a presumption of eligibility for asylum and withholding of removal." *Hoque v. Ashcroft*, 367 F.3d 1190, 1198 (9th Cir.2004). We remand to the BIA to determine whether the government provided sufficient evidence to rebut the presumption. *See Mihalev*, 388 F.3d at 730–31.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

